IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID DUNBAR, | ) |
| Plaintiff, | ) |
| v. | ) No. 13-cv-1365 |
| PEORIA CHAPTER OF BRICKLAYERS LOCAL NO. 6 PENSION PLAN AND TRUST, | ) |
| Defendant, | ) |

## OPINION

THOMAS P. SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff David Dunbar's Motion to Compel (d/e 18) (Motion). For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

Dunbar seeks additional retirement benefits from Defendant Peoria Chapter of Bricklayers Local No. 6 Pension Plan and Trust (Plan). Dunbar brings the action under various provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. 1001 et seq. Amended Complaint (d/e 15). Dunbar alleges that he worked out of the participating Local Union No. 6 and was vested in the Plan. He alleges that upon reaching

normal retirement age in 2006, he received a lump sum distribution from the Plan, but continued to work. He alleges that the Plan provided that he would be entitled to additional benefits if he worked an additional five years. He alleges that he continued working until 2012. At that time, he applied for the additional benefits, but his application was denied. He alleges that such benefits were paid to others similarly situated. Amended Complaint, ¶¶ 8-22.

In response to the Amended Complaint, the Plan admitted that the Plan provisions authorized taking a lump sum distribution at normal retirement age and continuing to work:

> Defendant admits that a person who has reached normal retirement age may take a lump sum distribution from the Plan in the form of an in-service distribution and continue to work. Defendant admits that the Plan provides that a participant who receives an in-service distribution of benefits may earn additional retirement benefits under the Plan if the participant's additional service or compensation increases the value of the benefit the participant received as an in-service distribution.

Defendant's Answer to Plaintiff's Amended Complaint (d/e 20) (Answer), ¶ 12. The Plan denied that Dunbar's service after receiving the lump sum distribution "increased the amount of his benefit under the Plan to an amount greater than he received as an in-service distribution in 2006." Answer, ¶ 29.

In discovery, Dunbar served a Notice to Produce documents on the Plan. Dunbar asked the Plan to produce documents related to benefits paid to three other participants of the Plan, Jay Hopp, Jerry Dunn, and John Barth. Dunbar claims that these three participants were similarly situated to him. Motion, ¶¶ 3, 8-9. The Plan objected on relevance grounds. Subsequently, Barth brought his own action for benefits under ERISA. Barth's action is now pending before this Court. Barth v. Peoria Chapter of Bricklayers Local No. 6 Pension Plan and Trust, Case No. 14-1042. The Plan has agreed to produce responsive documents related to Barth. The Plan still objects to producing responsive documents related to Hopp and Dunn. Dunbar has filed this Motion to compel production.

ANALYSIS

Dunbar seeks to recover benefits from the Plan. The Plan is an ERISA qualified pension plan. Dunbar seeks information about the treatment of Hopp and Dunn to show that they were similarly situated to him, but the Plan treated them differently by paying them the additional benefits after working five additional years after normal retirement. Motion, ¶¶ 8-9. Dunbar further states that a representative of the Plan told him, "that an additional retirement benefit would be due, so long as an additional five years of service were accrued following a receipt of the lump-sum

distribution." Motion, ¶ 10. The Plan objects on the grounds that information regarding Hopp and Dunn is not relevant for discovery purposes.

Relevant information for discovery purposes includes both information that may be admissible at trial and non-privileged information "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Plan is correct that the information sought is not relevant for discovery purposes.

Dunbar's right to recover benefits from an ERISA qualified plan, such as the Plan, is governed by the written terms of the Plan. If the written terms of the Plan gave the Plan administrator discretion to interpret Plan provisions, then the Court reviews whether the administrator's decision to deny Dunbar's application for benefits was arbitrary and capricious based on the administrative record compiled by the administrator during its review. If the written terms of the Plan did not grant such discretion, then the Court construes the written terms of the Plan de novo under federal common law principles of contract interpretation. See Heimeshoff v. Hartford Life & Acc. Ins. Co., __ U.S.__, 134 S.Ct. 604, 614 (2013); Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Herzberger v. Standard Ins. Co., 205 F.3d 327, 329 (7th Cir. 2000); Ramsey

v. Hercules Inc., 77 F.3d 199, 205 (7th Cir. 1996). The parties have not addressed whether the Plan granted discretionary authority to the Plan administrator. Absent an ambiguity in the Plan documents, extrinsic evidence such as oral representations or the treatment of other Plan participants is not relevant to construe the Plan documents. See Mathews v. Sear Pension Plan, 144 F.3d 461, 466-67 (7th Cir. 1998). Dunbar does not assert that any ambiguity exists in the Plan documents in this case.

Moreover, the treatment of other Plan participants does not modify or supersede the written Plan documents, or otherwise bind the Plan. Perry v. Sheet Metal Workers' Local No. 73 Pension Fund, 585 F.3d 358, 364 (7th Cir. 2009). Oral representations by Plan representatives also do not modify or supersede the written Plan documents. Schmidt v. Sheet Metal Workers' Nat. Pension Fund, 128 F.3d 541, 546 (7th Cir. 1997).

Thus, the Plan's treatment of Hopp and Dunn is not relevant. If de novo review is the appropriate standard, their treatment is not relevant for the Court to determine how the written terms of the Plan applied to Dunbar. If the Plan granted discretion to the Plan administrator, review is generally limited to the internal record that was before the administrator and the written terms of the Plan. See Heimeshoff, 134 S.Ct. at 614. Either way, the Plan's treatment of Hopp and Dunn is not relevant.

If the Plan administrator had discretion to interpret the Plan, some discovery may possibly be appropriate, in limited circumstances, to determine whether the Plan administrator had a conflict of interest when it denied Dunbar's application for additional benefits. See <u>Metropolitan Life Ins. Co. v. Glenn</u>, 554 U.S. 105, 112-15 (2008); <u>Dennison v. MONY Life Retirement Income Sec. Plan for Employees</u>, 710 F.3d 741, 747 (7th Cir. 2013). Dunbar, however, does not allege whether the Plan administrator had discretion under the terms of the Plan, and does not raise any issue of a potential conflict of interest.

At this point, Dunbar has failed to show that information about the treatment of Hopp and Dunn would be relevant or would lead to relevant admissible evidence. Therefore, the Motion is denied.

THEREFORE Plaintiff David Dunbar's Motion to Compel (d/e 18) is DENIED.

ENTER: May 1, 2014

                         */s Thomas P. Schanzle-Haskins*
                         UNITED STATES MAGISTRATE JUDGE